UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS HERNANDEZ, | 1:17-cv-00429-JLT (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 28) |
| MARTIN, et al., | |
| Defendant. | |

On April 4, 2018, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id*.

Finally, this court is unable to provide legal advice on discovery to Plaintiff. Since Plaintiff is an incarcerated *pro se* litigant, the court is required at the pleading stage, where correctable deficiencies exist, to provide applicable standards and opportunity to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The court is also required to provide prisoner *pro se* litigants with notice of the requirements for opposing motions for summary judgment. *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). However, courts "have no obligation to act as counsel or paralegal to pro se litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), and are prohibited from issuing advisory opinions, *see Flast v. Cohen*, 392 U.S. 83, 96 (1968). The court directs Plaintiff to the Discovery and Scheduling Order and the Federal Rules of Civil Procedure mentioned therein for the applicable discovery parameters and requirements.

For the foregoing reasons, plaintiff's request for appointment of counsel is DENIED, without prejudice and his request for legal assistance regarding discovery in this case is DENIED. The Clerk of the Court is directed to send Plaintiff a copy of the Discovery and Scheduling Order (Doc. 72).

IT IS SO ORDERED.

Dated: **April 17, 2018**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE