# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN, et al.,<br><br>    Defendants. | 1:17-cv-00429-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE**<br><br>**(Docs. 27, 29)**<br><br>**21-DAY DEADLINE** |

    On April 17, 2018, Defendants filed a motion to compel Plaintiff to respond to propounded discovery. (Doc. 29.) On May 9, 2018, Defendants filed a statement of notice regarding Plaintiff's failure to file an opposition to their motion to compel and request that Plaintiff be precluded from arguing or otherwise opposing their motion and that the requests for admissions Defendants propounded on Plaintiff be deemed admitted. (Doc. 31.) Plaintiff has not provided any response to either of these filings.

    On January 31, 2018, the Court issued the First Informational Order which dictated that, "[i]f disputes arise about a parties' obligation to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, 144, and 230(*l*) of the Local Rules of Practice for the United States District Court, Eastern District of California." (Doc. 27, p. 2.)

    Local Rule 230(*l*) provides that, when motions are filed in prisoner actions:

> . . . Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 21 days,** Plaintiff **SHALL** show cause in writing why the action should not be dismissed for his failure comply with the Court's order and for his failure to prosecute this action, alternatively within that same time, Plaintiff may file an opposition or statement of non-opposition to Defendants' motion to compel.

IT IS SO ORDERED.

   Dated: __May 30, 2018__                 __/s/ Jennifer L. Thurston__
                                                                 UNITED STATES MAGISTRATE JUDGE